UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION


FILED
OCT 22 2013
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ANGEL MUNOZ-ESCALANTE,<br>BARBARA MUNOZ,<br>CHRISTINA POURIER,<br>MARIO RANGEL,<br>AURELIO MUNOZ-ESCALANTE,<br>ROGELIO ESCALANTE,<br>SERGIO MUNOZ-ESCALANTE,<br>MIGUEL SOTO,<br>BENJAMIN MUNOZ-BOTELLA,<br>ROGELIO ESCALANTE, JR.,<br>a/k/a Roy Escalante, Jr.<br>and RAUL D. MUNOZ,<br><br>        Defendants. | CR 12-50131<br><br>REDACTED SECOND SUPERSEDING INDICTMENT<br>Conspiracy to Defraud the United States<br>(18 U.S.C. § 371)<br><br>Conspiracy to Harbor, Encourage, and Induce Aliens to Reside in the United States in Violation of Law<br>(8 U.S.C. § 1324(a)(1)(A)(v)(I))<br><br>Harboring, Encouraging, and Inducing Aliens to Reside in the United States in Violation of Law<br>(8 U.S.C. § 1324(a)(1)(A)(v)(II))<br><br>Wire Fraud<br>(18 U.S.C. § 1343)<br><br>False Statement<br>(18 U.S.C. § 1001)<br><br>Forfeiture |

The Grand Jury charges:

## CONSPIRACY

## RELEVANT PERSONS AND ENTITIES

At all times material herein:

1. Defendant Angel Munoz-Escalante and his wife, defendant Barbara Munoz, own and operate Munoz Logging and Construction Company (Munoz Logging), Rapid City, South Dakota.

2. Defendant Christina Pourier is a bookkeeper of Munoz Logging.

3. Defendant Mario Rangel is a manager for Munoz Logging.

4. Defendant Aurelio Munoz-Escalante owns and operates the Black Hills Thinning company.

5. Defendant Rogelio Escalante owns and operates the Escalante Logging company and the Escalante Logging and Thinning company.

6. Defendant Sergio Munoz-Escalante owns and operates the SM Logging company.

7. Defendant Miguel Soto is a foreman for the Black Hills Thinning company who manages and pays undocumented alien workers at Aurelio Munoz-Escalante's direction.

8. Defendant Benjamin Munoz-Botello owns and operates Benja's Mexican Store, a grocery and licensed money transmitting and check cashing business.

9. Defendant Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., owns and operates the Escalante Thinning company.

10. Defendant Raul D. Munoz owns and operates the R Munoz Thinning company.

11. The United States Forest Service (USFS) is an agency of the United States Department of Agriculture that manages public lands in national forests and grasslands.

**COUNT 1**

Beginning on or about January 1, 2008, and continuing until on or about May 31, 2013, in the District of South Dakota, the defendants, Angel Munoz-Escalante, Barbara Munoz, Aurelio Munoz-Escalante, Rogelio Escalante, Sergio

Munoz-Escalante, Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., and Raul D. Munoz, together with other persons known and unknown to the grand jury, did combine, conspire, confederate, and agree to defraud the United States of America, acting through the USFS, an agency of the United States Department of Agriculture, by improperly obtaining the payment of contract benefits based upon false, fictitious, and fraudulent information provided by the defendants.

## THE CONSPIRACY AND ITS OBJECTS

13. Angel Munoz-Escalante, Barbara Munoz, Aurelio Munoz-Escalante, Rogelio Escalante, Sergio Munoz-Escalante, Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., and Raul D. Munoz, devised and executed a scheme and artifice to fraudulently obtain money through USFS contracts, through their companies, Munoz Logging, Black Hills Thinning, Escalante Logging, SM Logging, Escalante Thinning, and R Munoz Thinning. It was the object of the conspiracy, and its intent and design, to circumvent contract requirements by hiring, employing, and harboring undocumented workers, by paying these workers less than the prevailing wages and benefits, and thereby obtaining contracts from the USFS by submitting bids to do service work under the contracts for a lower price than competitors, knowing that the workers were not eligible, documented, or authorized workers. Their false, fictitious, and fraudulent activities were a mechanism to enrich the defendants beyond that to which they would otherwise be entitled under the contracts.

## OVERVIEW OF THE CONTRACTS

14. Part of the USFS mission is to protect the national forest resource and maintain overall forest health. One of the tools utilized by the USFS to accomplish that mission is thinning of unhealthy stands of timber.

15. To accomplish this thinning, the USFS solicits bids from businesses for the work. When a solicitation is posted by the USFS, contractors are invited to submit bids for contracts to complete the thinning work.

16. A panel of USFS employees reviews and rates the bids based upon a number of factors, including price, capability (equipment and necessary personnel), and past performance.

17. The contract price and the best value for the contracts are based upon these factors. The companies, Munoz Logging, Black Hills Thinning, Escalante Logging, SM Logging, Escalante Thinning, and R Munoz Thinning, submitted bids to the USFS in person, via facsimile, or by mail.

18. The emphasis on not employing undocumented aliens is included in the USFS contracts, which contain various provisions related to requirements for employees, as follows.

"Section 274A of the Immigration and Nationality Act (8 USC 1324a) makes it unlawful for an employer to hire undocumented workers. The Immigration and Naturalization Service (INS) has established the Form I-9, Employment Eligibility Verification Form, as the document to be used for the employment eligibility verification (see 8 CFR 274a)."

"The contractor is required to (1) have all employees complete and sign the I-9 Form to certify that they are eligible for employment; (2) examine documents

presented by the employee and ensure the documents appear to be genuine and related to the individual; (3) record the information about the documents on the form, and complete the certification portion of the form; (4) retain the form for three years, or one year past the end of the employment of the individual, whichever is longer."

"It is illegal to discriminate against any individual (other than a citizen of another country who is not authorized to work in the U.S.) in hiring, discharging, or recruiting because of that individual's national origin or citizenship status."

"Compliance with Section 274A of the INA (8 USC 1324a) is a material condition of the contract. If the contractor employs unauthorized workers during contract performance in violation of section 274a, the Government may terminate the contract, in addition to other remedies or penalties prescribed by law."

## MANNER AND MEANS OF THE CONSPIRACY

19. The companies, Munoz Logging, Black Hills Thinning, Escalante Logging, SM Logging, Escalante Thinning, and R Munoz Thinning, regularly submit bids that are significantly lower than competitors and/or the USFS estimate for what a contract will cost. Many times their bids are hundreds of thousands of dollars less than the competition. By employing undocumented aliens who are not paid fair wages, benefits, and overtime as prescribed by law and as outlined in the contract, they are able to secure profits even when submitting what are much lower bids.

20. Each company retains a full-time workforce for approximately ten months out of the year, consisting of undocumented aliens. Additionally, there were numerous undocumented aliens who are shared among these companies as needed to complete USFS contracts within the deadline set forth under the contract. Often times, these companies will all bid on the same federal contract, and once the contract is awarded, the non-winning bidding companies still ultimately perform or assist in the performance of the contract work.

21. Munoz Logging utilizes a number of fictitious names in issuing paychecks to their undocumented workers. Munoz Logging will include the pay for a number of undocumented aliens in the check made to a single person's name, and Angel Munoz, Barbara Munoz, and Christina Pourier direct the individual issued the check how to then break down that check for each undocumented alien's wages. The companies also pay their undocumented alien employees using the employees' true names, and those employees then cash their checks at Benja's Mexican Store in Rapid City, South Dakota, because the undocumented aliens do not possess valid documents that would allow them to conduct lawful financial transactions.

22. The United States Department of Labor (DOL) has conducted an investigation into Munoz Logging. In their investigation, the DOL determined the information provided by Munoz Logging with regard to what the company classified as "contractors" did not meet the criteria of bona fide independent contractors and there were reports of Munoz Logging referring to these workers as "employees" and "crew chiefs." Munoz Logging was also cautioned by DOL that, regardless of to whom work was contracted out or how much of the work

was contracted out (though not permissible according to the USFS contracts without prior declaration by the prime contractor), the company remained responsible for ensuring that all employees performing contract work were authorized. The companies all attempt to distance themselves from the undocumented aliens and eliminate documentation requirements that go along with having employees by claiming the undocumented aliens are independent contractors.

23. After the DOL investigation, a copy of the WH-1297 (Employment Relationship Under the Fair Labor Standards Act) was furnished to Barbara Munoz, and the criteria necessary for an individual to be a bona fide independent contractor was reiterated. The WH-1297 focuses "upon the circumstances of the whole activity." In general an Employee, as distinguished from an independent contractor who is engaged in a business of his own, is one who "follows the usual path of an employee" and is dependent on the business which he serves. The WH-1297 references the factors considered significant, which are: "(1) The extent to which the services in question are an integral part of the employer's business; (2) The permanency of the relationship; (3) The amount of the alleged contractor's investment in facilities and equipment; (4) The nature and degree of control by the principal; (5) The alleged contractor's opportunities for profit and loss; and (6) The amount of initiative, judgment, or foresight in open market competition with other required for the success of the claimed independent enterprise."

24. In January 2009, the United States Department of Homeland Security sent a Warning Notice to Munoz Logging, citing the requirements that

Munoz Logging verify the eligibility of its hired employees. This notice specifically addressed Section 274A(a)(2) of the Immigration and Nationality Act with regards to the employment of undocumented aliens

## OVERT ACTS

25. During the period of the charges contained in the Indictment, defendants Angel Munoz-Escalante, Aurelio Munoz-Escalante, Rogelio Escalante, Sergio Munoz-Escalante, Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., and Raul D. Munoz, using their names or business names, were awarded contracts by the USFS for services including, but not limited to, thinning of trees in the Black Hills National Forest. The contracts provided, among other things, that it is unlawful for those awarded contractors to hire unauthorized aliens. The contracts also provided that the contract recipients were required to pay employees the prevailing wages and benefits, as determined by the United States Department of Labor. The contractors hired unauthorized aliens to work for them and failed to pay them the prevailing wages and benefits.

26. Angel Munoz-Escalante and Munoz Logging were awarded USFS Contract Number AG-82X9-C-07-0141 on July 26, 2007; Contract Number AG-82X9-C-07-0252 on September 14, 2007; Contract Number AG-82X9-C-07-9010, on September 21, 2007; which was modified and accepted on October 4, 2007, and which was paid under Obligation Number MO-BDX7000934; Contract Number AG-82X9-C-08-0030 on February 5, 2008; Contract Number AG-82X9-C-08-0082 on May 21, 2008; Contract Number AG-82X9-C-08-0306 on September 25, 2008; Contract Number AG-82X9-C-09-0012 on November 25, 2008; Contract Number AG-82X9-C-09-0142 on June 17, 2009; Contract

Number AG-82X9-C-09-0142 on October 23, 2009; Contract Number AG-82B1-C-10-0074 on January 14, 2010; which was modified and accepted on March 11, 2010, and again modified and accepted on August 3, 2010; Contract Number AG-82X9-C-10-0047 on April 13, 2010, which was modified and accepted on July 20, 2010; Contract Number AG-82X9-C-10-0072 on June 11, 2010; Contract Number AG-82X9-C-11-0056 on June 21, 2011. Angel Munoz-Escalante signed the aforementioned contracts on behalf of Munoz Logging.

27. Rogelio Escalante and Escalante Logging were awarded USFS Contract Number AG-82X9-C-07-0139 on July 26, 2007; Contract Number AG-82X9-C-08-0090 on May 28, 2008; Contract Number AG-82X9-C-09-0138 on June 11, 2009; Contract Number AG-82X9-C-10-0155 on September 14, 2010, which was modified and accepted on October 15, 2010; Contract Number AG-82X9-C-11-0007 on November 30, 2010; which was modified and accepted on June 14, 2011; and Contract Number AG-82X9-C-11-0061 on July 11, 2011. Rogelio Escalante signed the aforementioned contracts on behalf of Escalante Logging.

28. Sergio Munoz-Escalante and SM Logging were awarded USFS Contract Number AG-82X9-C-07-0119 on July 10, 2007; Contract Number AG-82X9-C-07-0157 on August 8, 2007, which was modified and accepted on May 16, 2008; Contract Number AG-8508-C-07-0008 on September 12, 2007; Contract Number AG-82X9-C-08-0130 on June 26, 2008; Contract Number AG-82X9-C-08-0211 on July 30, 2008; Contract Number AG-82X9-C-08-0130 on February 10, 2009; Contract Number AG-82X9-C-09-0166 on July 9, 2009; Contract Number AG-82X9-C-10-0184 on September 22, 2010; Contract

Number AG-82X9-C-11-0034 on April 1, 2011, which was modified and accepted on April 13, 2011; Contract Number AG-82X9-C-11-0159 on September 16, 2011, and Contract Number AG-82X9-C-12-0080 on July 29, 2012. Sergio Munoz-Escalante signed the aforementioned contracts on behalf of SM Logging.

29. Aurelio Munoz-Escalante and Black Hills Thinning were awarded USFS Contract Number AG-82X9-C-09-0070 on March 31, 2009; Contract Number AG-82X9-C-09-0177 on July 18, 2009; Contract Number AG-82X9-C-10-0056 on April 28, 2010; Contract Number AG-82B1-C-10-0294 on July 22, 2010; Contract Number AG-82X9-C-11-0131 on September 8, 2011; and Contract Number AG-82X9-C-11-0132 on September 8, 2011. Aurelio Munoz-Escalante signed the aforementioned contracts on behalf of Black Hills Thinning.

30. Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., and Escalante Thinning were awarded USFS Contract Number AG-82X9-C-11-0133 on September 16, 2011. Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., signed the aforementioned contract on behalf of Escalante Thinning.

31. Raul D. Munoz and R Munoz Thinning were awarded USFS Contract Number AG-82X9-C-12-0027 on March 21, 2012. Raul D. Munoz signed the aforementioned contract on behalf of R Munoz Thinning.

32. The aforementioned companies hired one or more unauthorized or undocumented alien(s) to perform service-related work pursuant to these contracts on USFS lands, and failed to pay these workers according to the prevailing wage and benefit rates, or for overtime work performed.

33. The companies, in performing this service-related work, share employees and equipment. Employees often show up for work and are told which USFS contract location to report to for work for the day. USFS site inspections and visits have documented the sharing of workers and equipment among the companies.

34. The companies did not require all unauthorized alien employees to complete Form I-9, as required by law for all employees. At times, companies would complete Form I-9 on behalf of unauthorized alien employees by using identity documents the companies knew to be false.

35. The companies were aware that one or more unauthorized alien employee(s) were not lawfully in the country.

36. Between January 2009 and September 2012, twenty-seven undocumented aliens employed by the companies have been located, contacted, arrested, or removed from the United States.

37. In September and October 2012, numerous undocumented aliens employed by the companies were encountered while performing work for these companies on contracts awarded by the USFS.

38. Defendants Angel Munoz-Escalante, Barbara Munoz, Christina Pourier, Mario Rangel, Rogelio Escalante, Aurelio Munoz-Escalante, Sergio Munoz-Escalante, Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., and Raul D. Munoz paid or arranged for payment of wages to the unauthorized alien employees for work under USFS contracts by issuing checks to the unauthorized alien employees, by issuing checks to individuals using false or fictitious names, or by making payments by check to other employees, the proceeds of which were

to be divided among several of the unauthorized alien employees in the form of cash.

39. Defendants Angel Munoz-Escalante, Barbara Munoz, Christina Pourier, Rogelio Escalante, Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., and Raul D. Munoz instructed unauthorized or undocumented alien employees to obtain any Social Security Number, real or fictitious, whether in the employee's name or not, to be used for the purpose of paying the employees.

40. Defendant Aurelio Munoz-Escalante made payments by check to employees, including Defendant Miguel Soto, the proceeds of which were to be divided among several of the unauthorized alien employees in the form of check.

41. Defendant Sergio Munoz-Escalante made payments by check to an undocumented alien employee, the proceeds of which were to be divided among several of the unauthorized alien employees in the form of cash.

42. The Social Security Administration reviewed Social Security Numbers used by undocumented employees of the companies. At least 20 of the numbers presented resulted in a "No Match" finding by the Social Security Administration. "No Match" means that the numbers were not valid, or that the number did not match as the assigned number for the name used by the employee.

43. Defendant Benjamin Munoz-Botello, through Benja's Mexican Store, is aware that undocumented and unauthorized aliens are unlawfully employed and paid by the aforementioned companies, and permits these employees to negotiate checks payable to them without presenting a name, address, or identification, as required by law.

44. To receive payments on the contracts with the USFS, the defendants, Angel Munoz-Escalante, Aurelio Munoz-Escalante, Rogelio Escalante, Sergio Munoz-Escalante, Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., and Raul D. Munoz, signed and submitted Contractor Certifications for Payment and Contract Payment Estimates and Invoices to the USFS for payments under the USFS contracts outlined in this Indictment. The defendants, Angel Munoz-Escalante, Aurelio Munoz-Escalante, Rogelio Escalante, Sergio Munoz-Escalante, Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., and Raul D. Munoz submitted these documents indicating the defendants were seeking payment for performance of work under USFS contracts in accordance with the specifications, terms, and conditions of the contracts, and these documents resulted in payments by electronic funds transfer, knowing the documents would result in payments pursuant to contracts between the defendant and the United States Forest Service. When they submitted these certifications and invoices, the defendants Angel Munoz-Escalante, Aurelio Munoz-Escalante, Rogelio Escalante, Sergio Munoz-Escalante, Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., and Raul D. Munoz knew that by hiring, employing, and harboring undocumented workers, and by paying these workers less than the prevailing wages and benefits, they had not complied with the specifications, terms, and conditions of the contracts under which they sought payment,

all in violation of 18 U.S.C. § 371.

## COUNT 2

45. All of the allegations set forth in Count One are realleged and incorporated herein.

Beginning on or about January 1, 2008, and continuing until on or about May 31, 2013, in the District of South Dakota, the defendants, Angel Munoz-Escalante, Barbara Munoz, Christina Pourier, Mario Rangel, Aurelio Munoz-Escalante, Rogelio Escalante, Sergio Munoz-Escalante, Miguel Soto, Benjamin Munoz-Botello, Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., and Raul D. Munoz, did knowingly and unlawfully combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to commit the following crimes against the United States:

(1) knowing and in reckless disregard of the fact that one or more alien(s) had come to, entered, and remained in the United States in violation of law, did harbor the alien(s), and did attempt to do so, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii); and

(2) knowing and in reckless disregard of the fact that one or more alien(s) had come to, entered, and remained in the United States in violation of law, did encourage and induce the alien(s) to reside in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv)

all for the purpose of financial gain, all in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).

## COUNT 3

46. All of the allegations set forth in Count One are realleged and incorporated herein.

Beginning on or about January 1, 2008, and continuing until on or about May 31, 2013, in the District of South Dakota, the defendants, Angel Munoz-Escalante, Barbara Munoz, Christina Pourier, Mario Rangel, Aurelio Munoz-Escalante, Rogelio Escalante, Sergio Munoz-Escalante, Miguel Soto, Benjamin Munoz-Botello, Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr., and Raul D. Munoz:

(1) knowing and in reckless disregard of the fact that one or more alien(s) had come to, entered, and remained in the United States in violation of law, did harbor the alien(s), and did aid and abet the harboring of the alien(s), and attempted to do so, for the purpose of financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii); and

(2) knowing and in reckless disregard of the fact that one or more alien(s) had come to, entered, and remained in the United States in violation of law, did encourage and induce the alien(s) to reside in the United States, for the purpose of financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv)

all in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(II).

### COUNTS 4-9

47. All of the allegations set forth in Counts 1-3 are realleged and incorporated herein.

On or about the dates set forth below, in the District of South Dakota, the defendants listed below, having devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, caused to be transmitted by means of electronic wire communications in interstate

commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice to defraud.

On or about the dates listed below, the defendants listed below caused to be transmitted by means of electronic wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, to wit, electronic funds transfers to the financial institutions listed below, in the approximate amounts listed, for the purpose of executing the scheme and artifice to defraud, as follows:

| COUNT | DEFENDANT | DATE | AMOUNT | FINANCIAL INSTITUTION |
|---|---|---|---|---|
| 4 | Angel Munoz-Escalante | 04/16/12-05/15/12 | $89,950 | Black Hills Community Bank |
| 5 | Aurelio Munoz-Escalante | 09/08/12-09/20/12 | $90,144 | Black Hills Federal Credit Union |
| 6 | Rogelio Escalante | 07/02/12-07/26/12 | $134,617.20 | Great Western Bank |
| 7 | Sergio Munoz-Escalante | 04/20/12-05/21/12 | $50,112 | BankWest |
| 8 | Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr. | 09/11/12-09/27/12 | $80,652 | Wells Fargo Bank, N/A |
| 9 | Raul D. Munoz | 08/22/12-09/10/12 | $29,000 | Black Hills Federal Credit Union |

all in violation of 18 U.S.C. § 1343.

## COUNTS 10-14

48. All of the allegations set forth in Counts 1-9 are realleged and incorporated herein:

On or about the dates set forth below, in the District of South Dakota, the defendants listed below, did willfully and knowingly make and cause to be made

a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of a department and agency of the United States, to wit, the defendants listed below presented signed Contractor Certifications for Payment to the USFS for payments under the USFS contracts outlined in this Second Superseding Indictment, which certifications stated, in part: "The amounts requested are only for performance in accordance with the specifications, terms, and conditions of the contract." The defendants listed below then and there well knew these statements and representations were false, as follows:

| COUNT | DEFENDANT | DATE |
|---|---|---|
| 10 | Angel Munoz-Escalante | 04/16/12 |
| 11 | Aurelio Munoz-Escalante | 09/08/12 |
| 12 | Rogelio Escalante | 07/02/12 |
| 13 | Sergio Munoz-Escalante | 04/20/12 |
| 14 | Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr. | 09/11/12 |

all in violation of 18 U.S.C. § 1001.

**FORFEITURE ALLEGATION**

The allegations contained in Counts 2 through 14 of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(6).

Pursuant to 18 U.S.C. § 982(a)(6), upon conviction of an offense in violation of 8 U.S.C. § 1324 and 18 U.S.C. §§ 1343, and 1001, the defendants, Angel Munoz-Escalante, Barbara Munoz, Christina Pourier, Mario Rangel, Aurelio Munoz-Escalante, Rogelio Escalante, Sergio Munoz-Escalante, Miguel Soto, Benjamin Munoz-Botello, Rogelio Escalante, Jr., a/k/a Roy Escalante, Jr.,

and Raul D. Munoz shall forfeit to the United States pursuant to 8 U.S.C. § 1324 and 18 U.S.C. §§ 1343, and 1001, 18 U.S.C. § 982(a)(6) and § 981(a)(1)(c), and 28 U.S.C. § 2461(c), any vessel, vehicle or aircraft, used in the commission of the offense of which the defendants are convicted, any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the defendants are convicted, and any property, real or personal, used to facilitate or intended to be used to facilitate the commission of the offense of which the defendants are convicted. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT

A sum of money representing the amount of proceeds obtained as a result of the offense(s).

2. BANK ACCOUNTS

The contents of the following bank accounts:

(a) $104,890.08 seized from Black Hills Community Bank, Account #XX2673, seized on October 23, 2012;

(b) $102,724.12 seized from Black Hills Federal Credit Union, Account #XXXXX3002, seized on November 8, 2012;

(c) $89,893.00 seized from Wells Fargo Bank Account #XXXXXX5505 seized on November 16, 2012;

(d) $31,164.51 seized from Great Western Bank, Account #XXXXXX0858 seized on October 26, 2012;

(e) $7,710.78 seized from Great Western Bank, Account #XXXXXXX8628 seized on October 26, 2012;

(f) $3,087.00 seized from First Interstate Bank, Account #XX9778 seized on November 8, 2012;

(g) $72,250.00 seized from Black Hills Federal Credit Union, Account #XXXXX1002 seized on March 4, 2013.

3. PROPERTY/EQUIPMENT

The following listed property and equipment:

(a) a 2005 ASV Positrac RC100 Skid Steer; serial # RSD02111;

(b) a 2005 CAT 525B Skidder; serial number CAT0525BC3KZ01369;

(c) a 1993 518C Skidder; serial number 9HJ00444;

(d) a 2004 Timbco Valmet 425EXL; VIN: AT4C2265112003;

(e) a 2006 Dodge Ram; VIN: 1D7KS28C76J144506;

(f) a 2007 Dodge Ram; VIN: 3D7KS28A17G794160;

(g) a 1996 Timbco T425B; serial number AT4C-834-021896.

4. SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of any Defendant:

(a) Cannot be located upon the exercise of due diligence;

(b) Has been transferred or sold to, or deposited with, a third party;

(c) Has been placed beyond the jurisdiction of the Court;

(d) Has been substantially diminished in value; or

(e) Has been commingled with the other property which cannot be divided without difficulty;

The United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL:

**NAME** REDACTED

_____
FOREPERSON

BRENDAN V. JOHNSON
UNITED STATES ATTORNEY

By _____