UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 12-50131-08 |
| Plaintiff, | |
| v. | **DEFENDANT SOTO'S PRE-SENTENCE MEMORANDUM** |
| MIGUEL SOTO, | |
| Defendant. | |

The defendant Miguel Soto pleaded guilty to a misdemeanor offense, Continuing the Unlawful Employment of Aliens, in violation of 8 U.S.C. §1324a(a)(2). He admitted in his factual basis statement that he gave employment to his two brothers, Luciano and Jose, knowing that his brothers were in the United States without the permission of the government and that they were not authorized to work in the United States. The maximum sentence for Continuing the Unlawful Employment of Aliens is 6 months in prison, a $6000 fine or both, and a term of supervised release of one year.

Miguel Soto is presently scheduled for sentencing before this Court on Thursday, the 24th of April, 2014. Mr. Soto, through his attorney, hereby submits this memorandum to aid the Court in determining a just sentence.

<u>Sentencing Factors</u>

18 U.S.C. §3553 provides: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of sentencing, as set forth in 18 U.S.C. §3553(2)]."

In determining the particular sentence to be imposed, 18 U.S.C. §3553 directs the court to consider these factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to

1

afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the applicable Sentencing Guidelines range; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (7) the need to provide restitution to any victims of the offense.

Miguel Soto respectfully submits that a sentence of probation is sufficient to comply with the purposes of sentencing as set forth in the sentencing statute and that a sentence of incarceration would be greater than necessary to comply with the purposes of sentencing set out in 18 U.S.C. §3553(2).

1.

*The nature and circumstances of the offense and the history and characteristics of Mr. Soto*

Miguel Soto is 31 years of age. By all accounts and information known to defense counsel, he is a responsible, hardworking young family man. He does not use illegal drugs or abuse alcohol. This is his first criminal conviction. Except for matters involving his immigration status and this case, he has never been arrested for any criminal offense in the United States or Mexico. He wants the Court to know he is not *un delincuente*–a criminal.

He has been together with his life partner Miriam Quiroz Diaz for the past 10 years. His wife is employed, in a local restaurant. They have three children together, all three of whom were born in Rapid City–Michelle Soto, born 2 September, 2005, attends the Valley View Elementary school; her brothers Tristan, born 10 September, 2009 and Samuel, born 10 April, 2012 do not yet attend elementary school.

Nine-year-old Michelle was born with a serious medical heart condition. She has had three surgeries and is presently waiting for another surgery. She needs surgical reconstruction of her heart or possibly a heart transplant. Although he entered the United States without authorization from immigration authorities, Miguel Soto received permission from the

government four years ago to stay in the United States and to work, because of his daughter's medical condition and needs.

Miguel Soto was born in Michoacan, Mexico. He went to high school in Michoacan. When he was 17, he came to the United States and went to live in Chicago. In 2002, he moved from Chicago to Rapid City to work in logging. He has worked in logging in the Black Hills area for most of the past 12 years.

He has been never been deported. He has twice voluntarily left the United States and twice returned to work in the Black Hills in the logging industry, as an employee of Aurelio Munoz's logging company, eventually being promoted to foreman of a crew. As stated previously, he now has legal authorization to be in this county and to work. He hopes to become a permanent resident with a green card.

When others were arrested in this case and he heard that immigration authorities were looking to arrest him, he turned himself in to ICE agents and he has cooperated with authorities since that day, taking full responsibility and providing truthful information.

He has been released on his own recognizance since his first court appearance and he has abided by all conditions of his release.

2.

*The need for the sentence to reflect the seriousness of the offense, respect for the law, just punishment, deterrence, and protection of the public from further crimes of the defendant*

The fact that Mr. Soto's offense is, relative to other federal crimes, not a serious offense is reflected in the fact that it is a minor misdemeanor, punishable by a maximum sentence of six months in jail. Helping one's brothers get work is hardly a *malum in se*–evil in itself–offense. The anxiety of federal prosecution and the fear of incarceration and deportation that he has had to endure as a result of his arrest and prosecution is punishment. The government seized almost $4000 that he and his wife had earned from his and his wife's bank account. That too is punishment. The public was never harmed by Mr. Soto's giving work to his brothers. The public

does not need to be protected from Miguel Soto. A jail sentence would be excessive and unnecessary in his case.

On information and belief, the government is not recommending a jail sentence for Mr. Soto.

3.

*The kinds of sentences available*

The court can sentence Mr. Soto to a term of probation or to a maximum sentence of six months in jail. The court can fine him up to $6000, but given the fact that he has already paid money he and his wife held in savings to the government by means of forfeiture, a fine would be superfluous and unnecessary.

4.

*The applicable Sentencing Guidelines range*

Because this is a minor misdemeanor, punishable by a maximum jail sentence of 6 months, the Sentencing Guidelines are not applicable here.

5.

*Any pertinent policy statement issued by the Sentencing Commission*

Not applicable.

6.

*The need to avoid unwarranted sentence disparities among similarly situated defendants*

If Miguel Soto were given a probationary sentence, such sentence would not create a disparity of sentences among similarly situated defendants.

There are no other similarly situated defendants among the co-defendants in this case. Unlike most of his co-defendants, Mr. Soto was not involved in a conspiracy to harbor illegal aliens and he did not own or manage a company. Nor was he in a position to decide policy for his company or his employers.

He was a foreman of a logging crew who gave his brothers work.

7.

*The need to provide restitution to any victims of the offense*

Not applicable.

*   *   *

In conclusion, weighing all the factors set forth in 18 U.S.C. §3553(2), a sentence of probation, without incarceration or fine, would satisfy all the purposes of sentencing set forth in 18 U.S.C. §3553 and would be a just and appropriate sentence.

DATED this 22nd day of April, 2014.

                                   Respectfully submitted,

BY:   /s/ *Dana L. Hanna*
        Dana L. Hanna
        HANNA LAW OFFICE, P.C.
        816 Sixth Street
        P.O. Box 3080
        Rapid City, South Dakota 57709
        605-791-1832
        Attorney for Miguel Soto

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing Defendant Soto's Pre-Sentence Memorandum was electronically served upon the other parties in this case via the electronic mail addresses listed below:

Eric D. Kelderman, U.S. Attorney's Office
eric.kelderman@usdoj.gov

Gregory James Erlandson, Attorney
gerlandson@bangsmccullen.com

John M. Fitzgerald, Attorney
john.fitzgerald@fitzgeraldfirm.com

Ellery Grey, Attorney
ellery@ellerygreylaw.com

John Richard Murphy, Attorney
jmurphysd@hotmail.com

John S. Rusch, Attorney

john.rusch@renschlaw.com

Jay C. Shultz, Attorney
jshultz@lynnjackson.com

Timothy J. Rensch, Attorney
tim@renschlaw.com

Robert W. Van Norman, Attorney
rvanlawyer@yahoo.com

Sarah Boensch Collins, U.S. Attorney's Office
Sarah.B.Collins@usdoj.gov

Patrick K. Duffy, Attorney
jglanzer@duffylaw.pro

Mitchell Johnson, Attorney
mjohn26477@aol.com

Cassidy Marie Stalley, Attorney
cstalley@rushmore.com

Dated this 22nd day of April, 2014.

                                            */s/ Dana L. Hanna*
                                            Dana L. Hanna